JOHNSON, Judge.
This is an appeal from an order and judgment entered after a jury verdict in favor of the plaintiffs, who are the appel-lees herein, arising out of an automobile accident.
The appellees were in a Volkswagen travelling west on 8th Street in the City of Jacksonville, and had stopped about an average car length back from the crosswalk at the intersection of 8th Street and Main Street, waiting for a signal light to change from red to green, when the collision that is the basis for this law suit occurred.
A Mercury was going south on Main Street and made a left turn into 8th Street. At or about the same time, a taxi 'cab driven by the defendant Worthington, and owned by the defendant Safety Cabs, Inc., was travelling north on Main Street and made a right turn into 8th Street. The testimony indicates that the Mercury had about completed its left turn into 8th Street and its front wheel was about at the front wheel of the Volkswagen when the cab turned into 8th Street. This would tend to indicate that the taxi cab was behind the Mercury as the two vehicles entered 8th Street. The evidence on this point is vague, however, and the defendants made no apparent effort to clear this up with testimony of the taxi cab driver or otherwise. The plaintiff Lary Mroczkowski testified that he saw the Mercury and that it had its turn signal light on, signalling a left turn, and that the taxi cab also had its right turn signal light on. He further testified that the Mercury was travelling about 10 to 15 miles per hour and the cab 20 to 25 miles per hour. That the cab did not hit the Mercury but missed it by “one or two inches,” but caused the Mercury to change its course and run into the Volkswagen. How this witness could with any degree of certainty testify as to how close the cab came to the Mercury, we can’t determine, because the Mercury was between the cab and the witness. But again, the defendants did not raise any point on this, nor offer any evidence to deny this to be a fact. Plaintiffs had an eyewitness who testified to about the same thing the plaintiff Lary Mroczkowski did, except he did not say how close the cab came to the Mercury, but his testimony did indicate that the cab came around the corner without slowing down and caused the Mercury to change its course and run into the Volkswagen.
This evidence appears to us to be very weak, but the accident could have happened as the plaintiffs’ witnesses testified, and if believed by the jury to be the way it happened in the absence of evidence on the part of the defendants to refute such set of facts, we are compelled to agree with the trial court that it was a jury question and no error was committed in denying the motion for a directed verdict nor in entering the judgment appealed. The refusal to admit the deposition of the taxi cab driver was not error, inasmuch as the defendants did not meet the requirements of the Florida Rules of Civil Procedure, 30 F.S.A., to render such deposition admissible.
' The order appealed is therefore affirmed.
RAWLS, C. J., and CARROLL, DONALD K., J., concur.